

FILED
Oct 03, 2022
12:40 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Stanley Clark ) | Docket No. 2020-08-1145 |
| ) | |
| v. ) | State File No. 112899-2020 |
| ) | |
| Calvin Hinton, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

### Affirmed and Certified as Final

---

This appeal arises after the trial court issued an order granting the employer's motion for summary judgment and dismissing the employee's workers' compensation claim with prejudice. In November 2020, the employee filed a petition for workers' compensation benefits for an alleged work injury that occurred in March 2019. Thereafter, the employer filed a motion for summary judgment, asserting that it had paid no workers' compensation benefits relative to the alleged March 2019 work incident and that the employee's claim was barred by the statute of limitations. Following a hearing, the trial court concluded the employer had negated an essential element of the employee's claim and granted its motion. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's decision and certify as final its order dismissing the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Stanley Clark, Memphis, Tennessee, employee-appellant, pro se

Paul T. Nicks, Germantown, Tennessee, for the employer-appellee, Calvin Hinton

### Factual and Procedural Background

Stanley Clark ("Employee") alleged he sustained injuries to his lower back and bilateral hips on March 27, 2019, while working for Calvin Hinton ("Employer"). Specifically, Employee alleged he was pushing a cart through the warehouse when another individual grabbed him by his right shoulder and pulled him backwards. Employee claimed he was holding onto the cart and, to keep from falling, "twist[ed] my body to the

1

right causing a severe pain from my right hip across the lower part of my back." Employee reported the incident at the facility where he worked and also discussed the incident with Calvin Hinton, the owner of the business. Mr. Hinton acknowledged that Employee discussed the work incident with him but contended Employee never complained of pain or requested medical treatment. Further, Mr. Hinton asserted that the first time he learned Employee was requesting medical treatment or initiating a claim for workers' compensation benefits was when he received the petition for benefit determination more than one year after the alleged incident. In addition, Stephanie Johnson, the workers' compensation claims adjuster, provided an affidavit stating that no medical benefits or temporary disability benefits were paid related to the alleged work incident of March 27, 2019.

After propounding discovery, including requests for admission to Employee, Employer filed a motion for summary judgment in connection with Employee's November 30, 2020, petition. On July 8, 2022, the trial court granted the motion and dismissed Employee's case with prejudice. Employee has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

In his notice of appeal, Employee requests that Employer release a video of the work incident, which was purportedly caught on camera. Employee also asserts that "Calvin never reported my injury to C.E.O." and contends this failure to disclose the incident was negligence on behalf of Employer. Employer contends Employee waived "any appealable issues by not properly raising any issues for appeal."

We are mindful that Employee is self-represented in this appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts

2

must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In his notice of appeal, Employee failed to identify any reviewable issue relative to the trial court's order, failed to describe how the trial court purportedly erred in its rulings, and failed to provide any relevant legal authority in support of his positions. He also did not file a transcript or statement of the evidence and did not timely file a brief on appeal.[1] When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at \*3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at \*8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at \*5 (Tenn. Ct. App. Aug. 12, 2015).

Nonetheless, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. In *Rye*, our Supreme Court explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We

---

[1] Employee's brief was due on or before August 26, 2022. On September 22, 2022, Employee filed a handwritten document dated September 15, 2022, which was treated as his brief. On that same day, Employer filed a motion to exclude Employee's brief, noting that Employee's brief was not timely. Employee did not file a motion to accept a late-filed brief or otherwise provide an explanation for the lateness of the filing. Thus, Employer's motion is granted, and we decline to consider Employee's filing. However, even if we had considered Employee's filing, it would not alter the result of this appeal, as he presents no evidence that he timely filed his petition for benefit determination.

3

reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record.

*Id.* at 264-65 (internal quotation marks and citations omitted). Thus, for Employer to prevail on its motion for summary judgment, Employer must show that it negated an essential element of Employee's claim or that Employee's evidence is insufficient to establish his claim as a matter of law.

Employer asserts Employee's claim is barred by the statute of limitations and that, therefore, it has satisfied the requirements set out in *Rye*. Tennessee Code Annotated section 50-6-203(b)(1) provides as follows:

In instances when the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year after the accident resulting in injury.

Employer supported its motion for summary judgment with a statement of undisputed facts, including the date of the alleged injury and the date the petition for benefits was filed. Employer also filed an affidavit of the claims adjuster stating that Employee's claim was denied and that no medical or temporary disability benefits were paid related to the alleged work incident on March 27, 2019. Employee did not dispute the date of the alleged incident and did not dispute that his petition for workers' compensation benefits was filed on November 30, 2020. Employee also failed to provide any evidence or legal argument supporting a conclusion that the statute of limitations was tolled or that he filed a petition for benefits within one year of any voluntary payment of benefits made by Employer. Accordingly, we conclude Employer successfully negated an essential element of Employee's claim, namely, the timely filing of a petition for benefit determination, and demonstrated that Employee's evidence was insufficient to establish an essential element of his claim. In response, Employee did not come forward with any evidence to create a genuine issue of material fact. Thus, we find no error in the trial court's granting Employer's motion for summary judgment.

## Conclusion

For the foregoing reasons, we affirm and certify as final the trial court's order granting Employer's motion for summary judgment and dismissing Employee's case with prejudice. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stanley Clark | ) | Docket No.  2020-08-1145 |
| | ) | |
| v. | ) | State File No.  112899-2020 |
| | ) | |
| Calvin Hinton, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of October, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Stanley Clark | | | | X | enjoymmlife492@gmail.com |
| Paul T. Nicks | | | | X | pnicks@travelers.com jschmid6@travelers.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov